*Xioxian Zhou v. Sessions*

BIA
Poczter, IJ
A205 427 585

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand eighteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges,*
> PAUL A. CROTTY,*
>> *District Judge.*

---

XIAOXIAN ZHOU,

> *Petitioner,*

v.                                                          17-1451

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

---

FOR PETITIONER:               VLAD KUZMIN, Kuzmin & Associates, P.C., New York, NY.

---

* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR RESPONDENT:**               Sharon M. Clay, Trial Attorney, Office
                                 of Immigration Litigation, (Chad A.
                                 Readler, Acting Assistant Attorney
                                 General, Carl McIntyre, Assistant
                                 Director, *on the brief*) United
                                 States Department of Justice,
                                 Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Xiaoxian Zhou, a native and citizen of the People's Republic of China, seeks review of an April 4, 2017 decision of the BIA affirming a June 30, 2016 decision of an Immigration Judge ("IJ") denying Zhou's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *In re Xiaoxian Zhou,* No. A 205 427 585 (B.I.A. April 4, 2017), *aff'g* No. A 205 427 585 (Immig. Ct. N.Y. City June 30, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The agency denied cancellation on the ground that Zhou did not demonstrate that her U.S. citizen children would suffer exceptional and extremely unusual hardship if she were removed to China. A nonpermanent resident, such as Zhou, may have her removal cancelled if, among other factors, she demonstrates that her "removal would result in exceptional and extremely unusual hardship" to a qualifying relative, here Zhou's U.S. citizen sons.

2

8 U.S.C. § 1229b(b)(1)(D). "[T]he hardship to an alien's relatives, if the alien is obliged to leave the United States, must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quoting H.R. Conf. Rep. No. 104-828, at 213 (1996)).

We have reviewed both the IJ's and the BIA's decisions, *see Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006), but because cancellation is a form of discretionary relief, our review is limited, *see* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36 (2d Cir. 2008). Although we retain jurisdiction to review "constitutional claims or questions of law," which we review *de novo*, such claims must be "colorable." *Barco-Sandoval*, 516 F.3d at 36; *see id.* at 40 ("[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction."). Accordingly, we must determine whether an argument "merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

3

The issue is whether Zhou has identified a colorable constitutional claim or question of law regarding the hardship determination.  We conclude she has not.  Although the agency may commit an error of law if it ignores or "seriously mischaracterize[s]" material facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), the record reflects that the IJ and the BIA considered Zhou's evidence.

First, Zhou argues that the agency erred in not considering her husband's lack of legal status in the United States, as this meant that the children would have to leave the United States with Zhou.  We disagree with Zhou's characterization.  The IJ and the BIA acknowledged that Zhou testified she would bring her children to China upon removal, and thus evaluated the hardship the children would face in China based on that assertion.  This made any consideration of her husband's status unnecessary.

Second, Zhou's arguments regarding household registration quarrel with the agency's factual findings, which we do not have jurisdiction to review.  *See Xiao Ji Chen*, 471 F.3d at 329.  Zhou argues that the IJ erred in assuming that the only negative effects of a lack of household registration are financial and in concluding that Zhou would be able to overcome any burden to her children by paying for services such as education and healthcare.  However,

4

Zhou does not identify any information in the record regarding the non-financial harm of non-registration that the agency overlooked.

Zhou asserts that the IJ erred in determining that the inability to register was a common hardship because the IJ based this conclusion on the hardship to unregistered Chinese citizens, not to unregistered U.S. citizens. Again, this is a quarrel with the agency's factual findings that we do not have jurisdiction to review. *See Xiao Ji Chen*, 471 F.3d at 329. Moreover, as the IJ noted, Zhou did not document the treatment of foreign-born children of Chinese citizens. The agency therefore did not overlook any material evidence. *Cf. Mendez*, 566 F.3d at 323.

Finally, the agency did not overlook key evidence regarding Zhou's younger son's asthma or the air quality in China. Zhou argues that although her son has responded positively to medical treatment in the United States, he may not have the same positive response to treatment in China. However, Zhou had the burden to demonstrate how her son's asthma would be negatively impacted in China. *See* 8 U.S.C. § 1229a(c)(4)(A), (B) (placing burden of proving eligibility for relief on applicant, providing that IJ may require corroboration of even credible testimony, and requiring applicant to produce such evidence unless it cannot be reasonably obtained). The IJ properly made factual determinations about the

5

seriousness of Zhou's son's asthma based on the documentation that Zhou submitted of her son's current asthma treatment in the United States. Zhou has not identified any evidence that the IJ overlooked regarding either her son's health or air quality in China. *See Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that an IJ has taken into account all of the evidence before h[er], unless the record compellingly suggests otherwise.").

Because Zhou does not raise a colorable constitutional claim or question of law, we are without jurisdiction to review her petition further. *See* 8 U.S.C. §§ 1229b(b)(1)(D), 1252(a)(2)(B), (D).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6